UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Bruce Caulder, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:1:14-cv- 116 |
| ) | |
| Silverman & Borenstein, PLLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Bruce Caulder, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Silverman & Borenstein, PLLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 13111 E. Briarwood Ave., Suite 340, Englewood, CO 80112.

14. The Defendant is a debt collection agency but the Defendant is **NOT** licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On September 24, 2013, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number 13-10149-JKC-13.  *See Exhibit "2" attached hereto*.

27. The Plaintiff's bankruptcy petition contained a list of schedules and debts.

28. A debt the Defendant was attempting to collect from the Plaintiff was listed on the Plaintiff's Schedule F.

29. Additionally, the Defendant itself was listed on the Plaintiff's Schedule F.

30. On September 26, 2013, the Bankruptcy Noticing Center sent Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines, to the Defendant.  *See Exhibit "2" attached hereto*.

31. The Notice of Bankruptcy sent by the Bankruptcy Noticing Center contains the following: "...**the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property...If you attempt to collect or take other action in violation of the Bankruptcy Code, you may be penalized**." (emphasis in original) *See Exhibit "2" attached hereto*.

32. Additionally, the Notice of Bankruptcy sent by the Bankruptcy Noticing Center notified the Defendant that the Plaintiff had retained legal representation in addition to providing said legal representation's contact information. *See Exhibit "2" attached hereto*.

33. Despite this notice of the automatic stay, in addition to notification of legal representation, the Defendant contacted the Plaintiff directly via telephone call in an attempt to collect a pre-petition debt from the Plaintiff.  *See Exhibit "3" attached hereto*.

34. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 34 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692 by contacting the Plaintiff directly in an attempt to collect a debt despite notice of the automatic stay of the Bankruptcy Court.

3. The Defendant's acts and omissions constitute a violation of the FDCPA pursuant to 15 U.S.C. § 1692c by contacting the Plaintiff directly in an attempt to collect a debt despite notice of legal representation sent by the Bankruptcy Court.

4. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact the Plaintiff in an attempt to collect a debt despite the automatic stay of the Bankruptcy Court.

5. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact the Plaintiff in an attempt to collect a debt despite the automatic stay of the Bankruptcy Court.

6. The Defendant attempted to collect a debt it was legally enjoined from collecting which constitutes a violation of 15 U.S.C. § 1692e.

7. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact the Plaintiff in an attempt to collect a debt despite receiving notice of legal representation provided by the Bankruptcy Court.

8. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact the Plaintiff in an attempt to collect a debt despite receiving notice of legal representation from the Bankruptcy Court.

9. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com